1938, and has not been recaptured, or returned to custody. Under the terms of our statute, Vernon's Ann.C.C.P. art. 824, this court is without jurisdiction to further consider said appeal.

The appeal is dismissed.

## CHRISTOPER v. STATE.
### No. 19391.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

Horace H. Coffman, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for burglary, punishment assessed being five years' confinement in the penitentiary.

■ The statement of facts found in the record bears no file mark of the clerk of the trial court. Subdivision 2 of art. 760, C.C.P.1925, as amended by Acts 1931, c. 11, § 1, Vernon's Ann.P.C. art. 760, subd. 2, requires the same to be filed with the clerk of the trial court, and this court will not consider a statement of facts which fails to show that it was so filed. White v. State, 109 Tex.Cr.R. 479, 5 S.W.2d 510, and cases therein cited. See, also, 4 Tex.Jur. p. 423, for citation of many additional authorities.

■ The bills of exception found in the record cannot be appraised in the absence of the facts. Not being able to consider the statement of facts, the court is impelled to order an affirmance.

## SCHWING v. STATE.
### No. 19483.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

H. F. Thurow, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft from the person; the punishment, confinement in the penitentiary for seven years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.